### MOORE v. PERRY.

1. AGREED CASE—TESTIMONY FILED—CASE CRITICISED.—This court is required to hear an appeal on the matters stated in an "Agreed Case," but it is not required to consult testimony filed with the clerk of this court "for reference by either party," as agreed to by counsel, nor will it undertake to do so. *In re* Estate of Perry, *ante*, 183, approved.
2. FINDINGS OF FACT—CASE.—Facts found by the master and the Circuit Judge cannot be reviewed where the testimony is not printed in the "Case."
3. CONDITIONAL DEVISE—DOWER—RENTS.—A house and lot under mortgage was devised to A, B, and C, to be owned by them so soon as the mortgage is satisfied, B and C to pay to A all that he has paid, or may hereafter pay, on this mortgage, and if they fail to do so, then the property to be the absolute property of A. The amounts so paid by A never having been refunded to him, *held*, that the widow of B was not entitled to dower in this lot, nor was A accountable to B and C for rents and profits.
4. IBID.—REASONABLE TIME.—Four years having elapsed after the death of testator without any payment by B and C, there was no error in not giving further time to repay, nor in not directing a sale of the property—especially so, after a release by B and C to A of their interest in the property.

Before ALDRICH, J., Charleston, March, 1893.

This was an action by Zacharia Moore against Henry S. Perry and others. The master's report was as follows:

This case was referred to me by an order of the court, filed 6th December, 1892, to take testimony and report upon all issues of law and fact arising herein, with leave to report any special matter. I have held references, have been attended by the solicitors of the parties, have taken testimony, and have heard argument upon the issues involved, and I respectfully report:

That the plaintiff, Zacharia Moore, brings this action against Henry S. Perry, Amarintha Perry, Geneva A. Perry, Henry S. Perry, jr., Christopher W. Perry, Hermann H. Perry, and Oliver S. Perry (the last five named being minors), defendants, alleging that plaintiffs own and possess, as tenants in common, the premises No. 31 Cooper street, in this city, described in the complaint; that the parties own no other real estate in common. That Henry S. Perry, one of the defendants, has

24 —42

had charge and control of said premises as the agent and representative of the owners, and has rented the premises out, and has made no account of the rents; wherefore, plaintiff prays that Henry S. Perry may be ordered and required to account for said rents, and that partition may be made of the premises, according to the rights of the parties, or, if an actual partition cannot be made, then for a sale of the premises and a division of the proceeds of sale. Subsequently to the filing of the complaint, on motion, plaintiff was allowed to amend paragraph II. thereof, by setting forth that plaintiff's interest in said property is in one undivided third part, instead of one undivided sixth part, as originally stated, and also by adding as paragraph V. the following: "That since the commencement of this action, Henry S. Perry, jr., has departed this life intestate, and that his share vests in his mother, Amarintha Perry, and the other minor defendants, Geneva A., Christopher W., Hermann H., and Oliver S. Perry, all parties to this action." It was further ordered, that the answers heretofore filed to the original complaint be taken as filed to the amended complaint. All parties consented to this order.

The defendant, Amarintha Perry, answered, alleging that her husband, Oliver Perry, the younger, died 10th October, 1891, intestate, and that his interest in the property sought to be partitioned, vested in his wife and children. That under the will of Oliver Perry, the elder, admitted to probate 27th April, 1887, said premises were devised to testator's three cildren, Oliver, Henry S., and Hannah D. Perry. That Hannah D. Perry subsequently intermarried with the plaintff, and died intestate, May, 1890. And this defendant joins in the prayer of the complaint. The answer of the defendant, Henry S. Perry, raises the main issue of the case. He denies that plaintiff and his codefendants have any interest or estate in the premises sought to be partitioned. He denies that he owns any lands in common with the other parties to the suit. He denies that he has had charge of the premises as agent for plaintiff or his codefendants. For a further defence, defendant alleges that he is the owner in fee simple of said premises, said Zacharia Moore, the plaintiff, having sold to defendant his

entire interest in said premises by deed, dated 10th March, 1891, and this defendant, Henry S. Perry, "respectfully submits to this honorable court his desire to prove full and complete ownership in fee of said premises, and prays that he be dismissed with costs."

The issues were tried before me by consent, upon the testimony taken and filed by me herewith. The will of Oliver Perry, sr., was put in evidence by plaintiff, and it was agreed that the typewritten copy thereof attached to this report shall be accepted as a correct copy. By this will testator devises to his three children, Oliver Perry, jr., Henry Stover Perry, and Hannah D. Perry, "to be owned by them, share and share alike, my real property, consisting of the following: House and lot No. 29 Cooper street, which shall vest immediately after my death, and the house and lot No. 31 Cooper street, the subject of this suit, next to the above named property, the latter being mortgaged to the loan and trust company. As soon as the mortgage on the above property is satisfied, I direct that it shall be owned by my three children above named, share and share alike; provided the said Oliver Perry, jr., and the said Hannah D. Perry shall pay, or cause to be paid, to the said Henry Stover Perry whatever amounts the said Henry Stover Perry has paid out on his own personal account, or may hereafter pay out on his own personal account, in satisfying the mortgage on the property. Henry Stover Perry must produce receipts, or other proper proof, of whatever money he claims to expend, and Oliver Perry, jr., and Hannah D. Perry must each pay one-half of whatever amounts paid out by Henry Stover Perry in clearing the property of the mortgage; if the said Oliver Perry and the said Hannah D. Perry shall fail to pay any and every just debt due the said Henry S. Perry as above, then the property shall belong to the said Henry Stover Perry, free from every claim and encumbrance." It is admitted that Hannah D. Perry married the plaintiff, and died in May, 1890, intestate, leaving surviving her an infant child and her husband, the plaintiff. That the child died shortly after its mother, and thereupon whatever interest or estate Hannah D. Perry was entitled to in this property passed to, and became

vested in, the plaintiff. It is also admitted that Oliver Perry, the younger, died October 10th, 1891, intestate, and that his interest or estate thereupon became vested in his widow and children, as above set forth.

Without regard to the order in which the evidence was taken, I proceed to state the main issues as developed between the parties. The defendant, Henry S. Perry, claims that the mortgage of the Prudential Building and Loan Association upon the premises, 31 Cooper street, was paid off by him after his father's death, and he produces the said bond and mortgage fully discharged and satisfied, the satisfaction bearing date the 9th of February, 1891. He also produces in evidence a sworn statement of the rents collected by him and applied towards this payment, together with a statement, also sworn to, of the amounts added by him to the rents out of his personal funds to make up the monthly amounts due to the association. By this statement it appears that the amount due on the mortgage debt, to wit: the sum of $1,609.60, was paid as follows: By Oliver Perry before his death, $50; by rents collected and paid by H. Perry, 900.50; by Henry S. Perry, personally, 646.60; penalties, 9.60; $1,606.70—the two accounts thus nearly balancing each other.

But it is further claimed on behalf of Amarintha Perry, the widow, that as she did not renounce her dower upon the deed, her right of dower still exists and is a charge upon the property. I hold that, as matter of law, Oliver Perry never had such a legal estate in this property, 31 Cooper street, as would subject the same to his wife's right of dower. To entitle a widow to dower, a husband must have been seized, either in fact or in law, of an estate of inheritance in the land at some time during coverture. This rule is inflexible. When, therefore, the husband had, previous to his death, simply a reversion in fee, or a vested remainder, expectant upon an estate for life, his widow cannot be endowed. As in such case the husband has never had possession, or any present right of possession, he cannot be said to have had a seizin of any sort, either actual or legal." *Durando* v. *Durando*, 23 N. Y., 332, followed and confirmed by the same court in *House* v. *Jackson*, 50 N. Y., 161.

In *Shiell* v. *Sloan*, 22 S. C., 151, our Supreme Court held that a widow is dowable of her deceased husband's interest in lands held by him in joint tenancy during coverture, but that where such right attached at the marriage upon land then subject to a charge, a subsequent sale in satisfaction of such charge defeated the right of dower, and various cases from our own reports are cited by the court in support of this view.

Now, under the will of Oliver Perry, the property, 29 Cooper street, was to vest immediately in his heirs. But this property, 31 Cooper street, was not to vest in them until the mortgage to the building and loan company should have been paid, and until Oliver and Hannah should have repaid to Henry the amount which he should have personally paid in liquidation of the mortgage, and in default of such repayment by them, "the property shall belong to the said Henry Stover Perry, free from every claim and encumbrance." However we construe this devise, whether as giving to Oliver and Hannah a future right of possession or estate upon their complying with the condition precedent of repaying Henry the said amounts; whether we regard it as a conditional devise, or as an estate subject to a charge, in either view the right of dower, under the authorities cited, cannot attach. If it was an estate upon a condition, then the condition must have been fulfilled before the estate could vest. See 2 Red. Wills, 283. If it was an estate subject to a charge, then when Oliver Perry released to Henry Perry, it was virtually a sale in satisfaction of the charge, and the grantee took the property clear of the right of dower. I cannot doubt from the evidence, that even in the view most unfavorable to Henry Perry, some portion of the mortgage was paid from his own funds, and that Oliver Perry made the conveyance to him upon that basis. He settled with Henry then and there, and no reason adequate to my mind has been shown why this court should disturb or reopen that settlement. I hold, as matter of law, that Amarintha Perry, the widow of Oliver Perry, has no claim of dower in this property, and that the heirs of Oliver Perry are barred by this deed.

The Circuit decree was as follows:

This case came before the court upon exceptions to the report of G. H. Sass, master, to whom it was referred to hear and report upon all issues of law and fact arising in the action, with leave to report any special matter. The master's report is, in my opinion, able, lucid, and convincing, and I might with perfect propriety, in a short order, confirm it and adopt it as the judgment of the court. I will, in deference to the learned counsel for defendants, take up his exceptions and consider them severally. I shall not attempt to state the case except incidentally, as the master's statement is clear and satisfactory.

The plaintiff and all the defendants except Henry S. Perry appeal to this court, and ask that the master's report and decision be reversed and set aside, because the master erred in finding: "1. That the amount due on the mortgage debt, to wit: the sum of $1,609.60, was paid as follows; By Oliver Perry, before his death, $50; by rent collected and paid by H. Perry, 900.50; by Henry S. Perry personally, 646.60; penalties, 9.60; $1,606.70." There is an error in this exception; the debt is stated to be $1,609.60, and the items included in the statement of payments amount to only $1,606.70. The master in his report, after making the statement as it appears in this exception, says: "The two accounts thus nearly balance each other." He does not find that this statement is absolutely correct; for, in the course of his report, he says: "I cannot doubt, from the evidence, that even in the view most unfavorable to Henry S. Perry, *some* portion of the mortgage was paid from his own funds, and that Oliver Perry made the conveyance to him upon that basis." But had he received the statement of Henry S. Perry as correct and true, and so held, the evidence would, in my opinion, sustain that conclusion. I overrule this exception.

Next turn to that exception wherein it is alleged that said master erred in failing to find: "5. That there should be an accounting by the defendant, Henry S. Perry, of his rents and profits accruing from the property in dispute, and also of a vouching of the amounts which he claims to have paid to the building and loan association." This exception seems to be based upon the idea that Henry S. Perry must produce a voucher, receipt, or some written instrument, to prove his per-

sonal payments. The will says: "Henry Stover Perry must produce receipts *or other proper proof* of whatever money he claims to expend." The receipt of the building and loan association is a voucher in the sense in which that word is used in this exception, and the sworn statement of Henry S. Perry, on which he was examined, is "proper proof" of his expenditures. His admission of money received from rent of the house is sufficient to charge him, and if he has received further sums from that source than he has admitted, appellants should have proven such receipts. If Henry S. Perry only received a certain amount from the rent, and his father, the testator, only paid $50 on the mortgage, then it follows, in the absence of other evidence, that he must have paid the balance necessary to satisfy the mortgage debt. This exception is overruled.

"2. That Oliver Perry never had such a legal estate in this property, 31 Cooper street, as would subject the same to his wife's right of dower." I will not copy the will. It is attached to the master's report, and, so far as the question is concerned, it is recited in the body of the report. "A will is the formal declaration in writing by which the maker provides for the distribution of his property after his death. This being the case, it necessarily follows that in its construction the first and great object should be to inquire what was the intention of the testator. That intention must be gathered from the paper itself, the whole paper taken together, and read in the light of the circumstances surrounding the testator at the time he executed it." *Lott* v. *Thompson,* 36 S. C., 43; *Bannister* v. *Bull,* 16 *Id.,* 227; *Durant* v. *Nash,* 30 *Id.,* 184.

Testator executed his will on January 12, 1887. At that time he owned two parcels of real estate, lots No. 29 and 31, on Cooper street. Lot No. 31 was encumbered with a considerable mortgage to the building and loan association, conditioned to be paid in monthly instalments of $16. This mortgage is dated February 9th, 1883, and according to the plan of payments would not be paid in full until about 1891. Testator was an elderly man, and his cash seems to have been insufficient to meet his obligations. In some way not fully explained, testator's son, Henry S. Perry, came to his assistance, paid instal-

ments due to the building and loan association, and it seems
agreed with testator to protect the property, so far as said
mortgage was concerned.  There is no direct proof to this, but
it is evident that such was the belief and expectation of testator,
and that these ideas inspired the terms used in his will.  Testator
in his will clearly expresses this idea when he says: "Whatever
amount or amounts the said Henry Stover Perry has paid out
of his own personal account, or may hereafter pay out of his
own personal account, in satisfying the mortgage on the prop-
erty."  The next idea we gather from the will is that testator
intended that his son, Henry S. Perry, who had come to his
aid in his financial distress, should be repaid whatever amounts
he had paid or might have to pay in satisfying the mortgage.
This was the first duty of the testator, and the entire scheme
of the will shows that such was his intention.

Henry S. Perry was to be paid in one of two ways: 1st. By
his brother and sister, the other devisees under the will—they
were to repay him the money advanced; or 2d. By the testator
himself.  He, testator, provided for his payment by giving to
Henry S. Perry, "free from every claim and encumbrance,"
said lot No. 31.  Testator's payment was to be made, "if the
said Oliver Perry and the said Hannah D. Perry shall fail to
pay every and any just debt due to the said Henry S. Perry."
The will does not contemplate any accounting for rents by
Henry S. Perry, or that the lot No. 31 shall stand as security
for payments made by him on the mortgage, because testator
says, if Oliver and Hannah "fail to pay *any and every just* debt
due to the said Henry S. Perry, then the property *shall belong*
to the said Henry Stover Perry, free from every claim and en-
cumbrance."  Testator by his will states that Henry has
paid money of his own upon the mortgage debt, that was cer-
tainly a "just debt;" and Oliver and Hannah having failed to
pay the same (not to mention or consider the amounts paid by
Henry after the death of testator, or even the execution of the
will), lot No. 31 must "belong" to Henry, and if the will is to
be given full force and effect, "free from every claim and en-
cumbrance."  If this is correct, then under the will Henry owns
lot No. 31, "free from *every* claim of accounting," rents or any

thing else, and "free from every encumbrance," dower, conditional estate in Oliver and Hannah, condition precedent, etc.

The master has found that Oliver and Hannah and plaintiff have failed to comply with the terms of the will, and that neither of them has refunded to Henry the money paid on the mortgage from his "personal account." I concur with him. The will was probated on April 27th, 1887, and on the same day Oliver Perry and Henry Stover Perry qualified as executors. The law allows one year in which to collect in the assets of an estate, and in contemplation of law a year is a reasonable time in which to settle an estate. The building and loan association was satisfied on February 9th, 1891. Oliver and Hannah were not given an indefinite time in which to comply with the terms of the will; they were given by implication a reasonable time. Surely a "reasonable time" ended in a year after the grant of letters, and certainly when the mortgage debt was paid in full by Henry, a period nearly four years after the probate of the will, Henry called upon Oliver and Hannah and plaintiff to repay to him the money he had advanced in satisfying the mortgage, and they *"failed"* to comply, and thereupon lot No. 31 became the individual and absolute property of Henry, "free from every claim and encumbrance." I am satisfied with the construction placed by the master upon the conveyances of Oliver and plaintiff to Henry, executed respectively on June 22d, 1891, and March 18, 1891.

Now, in regard to the claim of dower, set up by the defendant, Amarintha Perry, as the widow of Oliver Perry, jr. Her claim to dower depends upon her husband's interests in the lot. If it exists, it had its origin in his estate, and she takes it subject to every burden, condition, or liability which testator placed upon her husband. Her dower right is dependent upon the estate of Oliver. It is true, that the fee to land must vest in some one, it cannot be hung up in air; but the fee to land will pass from one person to another if a will so directs, and, if necessary to carry out the intention and provisions of a will, the fee will be considered as vested in the person to whom the property is adjudged to belong. I concur with the master in

his finding that Amarintha Perry is not entitled to any dower in this lot No. 31.

The exception, that the master "failed to find," as stated in exceptions 1, 2, 3, and 4, are overruled. Under the testimony, I do not see how he could have reached any such conclusions. Exceptions 6 and 7 are overruled. Incidentally, they have already been considered.

Wherefore, it is ordered, adjudged, and decreed, that the report and conclusions of the master be, and hereby are, confirmed and made the judgment of this court, and further, that the demands set up in the answer of all the defendants, except the answer of the defendant, Henry S. Perry, be and hereby are refused and dismissed; that the complaint herein be and hereby is dismissed, and judgment is hereby given to Henry S. Perry in his favor, and against the plaintiff and the defendants above, and for his costs and disbursements, to be taxed by the clerk of this court.

The plaintiff, Zacharia Moore, and the defendants, Amarintha Perry and her children, appealed on the following grounds: 1. Because his honor erred in holding that the amount due on the mortgage debt, to wit: the sum of $1,609.60, was paid as follows: By Oliver Perry, before his death, $50; by rents, collected and paid by H. S. Perry, 900.50; by Henry S. Perry personally, 646.60; penalties, 9.60; $1,606.70—there being no evidence to that effect before the court. 2. Because his honor erred in holding, with the master, that Oliver Perry, the younger, never had such a legal estate in the property, 31 Cooper street, as would subject the same to his wife's right of dower. 3. Because his honor erred in failing to find that the consideration expressed in a deed may always be inquired into by parol, for the purpose of showing the real consideration, and whether there was any consideration. 4. Because his honor erred in failing to find that, it appearing that the consideration expressed in the deeds did not in fact exist, the deeds should be set aside. 5. Because his honor erred in failing to find that the deeds, having been made under a mistake of fact, should be set aside. 6. Because his honor erred in fail-

ing to find that the grantors having been induced to execute and deliver the said deeds by a misstatement of their rights, under the facts of the case, the said deeds should be set aside. 7. Because his honor erred in failing to find that there should be an accounting by the defendant, Henry S. Perry, of his rents and profits accruing from the property in dispute, and also a vouching of the amounts which he claims to have paid the building and loan association. 8. Because his honor erred in failing to find that should, in said accounting, it appear that the said Henry S. Perry has paid to the said building and loan association sums in excess of the rents and profits aforesaid, the plaintiff and defendants, representing the interests of Oliver Perry, jr., be allowed to refund to him such excess, and thereupon be permitted to take their respective equal shares in the property. 9. Because his honor erred in failing to find that upon such accounting, the said property should be sold, and out of the proceeds any inequality of interests be first settled, and the partition be then granted as prayed in the complaint.

*Messrs. Jervey & Prioleau*, for appellants.

*Mr. C. S. Bissell*, contra.

October 10, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The plaintiff brings this action for the purpose of obtaining partition of a certain lot of land in the city of Charleston amongst himself and the defendants, and also for an account by the defendant, Henry S. Perry, of the rents and profits of said lot. The "Case," as prepared for argument here, contains nothing but copies of the pleadings, the master's report, the decree of the Circuit Judge, and the exceptions thereto, without any evidence, or even any general statement thereof, although some of the questions made by the appeal turn entirely upon the evidence. It is true, that it is stated that a copy of the testimony and the master's report is filed with the clerk of the Supreme Court "for reference by either party." This mode of preparing a case for argument in this court has been condemned by this

court in a recent decision in the case of *In re Estate of Perry, Ex parte Aramintha Perry and others, ante,* 183, and parties must take the risk of such incomplete preparation. It is true, that this is an "Agreed Case," and under the provisions of subdivision 5 of section 345, this court would not be at liberty to dismiss the appeal, or to decline to hear the case, or to require anything else incorporated in the "Case," but is bound to hear the case upon what appears in the "Agreed Case," but it is not bound to search elsewhere for materials upon which to base its decision. If the court should be required to explore the vast mass of records in the clerk's office to obtain the facts upon which to base its decision, and which should appear in the "Case," it is very manifest, under the pressure of business on this court, it would work great delay and injustice to other suitors. We adhere, therefore, to what has been well said in the case above cited. We must, therefore, in considering this appeal, confine ourselves to what appears in the "Case" as prepared for argument here, just as we do in all other appeals.

We must assume that the facts of the case are fully and fairly stated in the master's report, which is incorporated in the "Case," and which should be incorporated in the report of the case. From this we learn that the main question in the case turns upon the proper construction of the will of Oliver Perry, sr., under which all parties claim. As we understand it, the master held that Oliver Perry, jr., and Hannah D. Perry, under whom the plaintiff and the defendants, other than Henry S. Perry, claim, never had any estate in the premises sought to be partitioned, and could not have until they had paid certain amounts due to Henry S. Perry, which he found, as matter of fact, they had never done. We infer that he also found that the plaintiff and the said Oliver Perry, jr., had released by deed to the said Henry S. Perry whatever interest they might have had in said premises. It seems, also, that the defendant, Aramintha Perry, who is the widow of Oliver Perry, jr., at some stage of the case, set up a claim of dower in the interest of her deceased husband in the premises, though no such claim is set up in her answer, and, on the contrary, she there claims her interest as heir at law of her husband, which is inconsistent

with the claim of dower. Upon this report and the exceptions thereto, the case came before his honor, Judge Aldrich, who rendered a decree overruling all the exceptions and confirming the report of the master, and rendered judgment in favor of the defendant, Henry S. Perry. From this judgment the plaintiff, together with the defendants, Amarintha Perry and her children, appeal upon the several grounds set out in the record, which, together with the decree of the Circuit Judge, should be incorporated in the report of this case.

The first ground of appeal presents a pure question of fact, and under the well settled rule, the finding of the master, concurred in by the Circuit Judge, will not be disturbed by this court, unless it is without any testimony to sustain it, or is against the manifest weight of the evidence, which we certainly cannot say is the case here, as there is no testimony set out in the "Case," and nothing, therefore, to warrant such a conclusion.

The second ground of appeal imputes error to the Circuit Judge in holding that Oliver Perry, jr., never had such a legal estate in the lot in question as would subject the same to his widow's right of dower. To determine the question raised by this ground of appeal, it will be necessary to consider the terms of the will of Oliver Perry, sr., disposing of the lot here in question. Those terms are thus stated in the master's report, which affords the only information which we properly have upon the subject: "By this will testator devises to his three children, Oliver Perry, jr., Henry Stover Perry, and Hannah D. Perry, 'to be owned by them, share and share alike, all my real property, consisting of the following: House and lot No. 29 Cooper street, which shall vest immediately after my death, and the house and lot No. 31 Cooper street [the latter lot being the one in contention here], next to the above named property, the latter being mortgaged to the loan and trust company. As soon as the mortgage on the above property is satisfied, I direct that it shall be owned by my three children above named, share and share alike; provided the said Oliver Perry, jr., and the said Hannah D. Perry shall pay, or cause to be paid, to the said Henry Stover Perry whatever amounts

the said Henry Stover Perry has paid out, on his own personal account, or may hereafter pay out on his own personal account, in satisfying the mortgage on the property. Henry Stover Perry must produce receipts, or other proper proof, of whatever money he claims to expend, and Oliver Perry, jr., and Hannah D. Perry must each pay one-half of whatever amounts paid out by Henry Stover Perry in clearing the property of the mortgage; if the said Oliver Perry and the said Hannah D. Perry shall fail to pay any and every just debt due the said Henry S. Perry as above, then the property shall belong to the said Henry Stover Perry, free from every claim and encumbrance.' "

We do not think there can be a doubt that the intention of the testator, which must govern, was that while the title to lot 29 should vest in the three children immediately upon the death of the testator, no interest or estate in lot No. 31 should vest in either Oliver Perry, jr., or Hannah D. Perry, until they had refunded to Henry S. Perry the amounts which he had already paid, as well as what he might thereafter pay, towards relieving the last mentioned lot from the lien of the mortgage referred to. Now as the master has found as a matter of fact, which finding we must, under the rule, accept, that these amounts never were refunded to Henry S. Perry either by Oliver or Hannah, it would seem to be clear that no estate in said lot ever vested in either of them, but the entire estate remained in Henry S. Perry. We agree with the master and the Circuit Judge in rejecting the claim of dower.

As to the third, fourth, fifth, and sixth grounds of appeal, they all (except the third, which raises an abstract question of law, which, so far as appears, was not pertinent to any point decided in the case), turn upon questions of fact, which the "Case" affords us no means of investigating, and need not, therefore, be considered.

The seventh ground imputes error to the Circuit Judge in failing to require an accounting from Henry S. Perry for the rents and profits of the lot, and also a vouching of the amounts claimed to have been paid by him towards the satisfaction of the mortgage. It appears from the mas-

ter's report that Henry S. Perry did show to the satisfaction of the master that he had made payments on the mortgage debt, which had never been refunded to him by either Oliver or Hannah D. Perry, and, therefore, as we have seen, Henry S. Perry could not be called to account for the rents and profits of the lot.

What we have already said is sufficient to dispose of the eighth ground, for certainly, as the Circuit Judge held, the appellants could not, in any view of the case, be allowed anything more than a reasonable time to refund the amounts advanced by Henry S. Perry towards the satisfaction of the mortgage debt; and clearly a period of nearly four years was amply sufficient. The ninth ground is also disposed of by what has been said. If no title to the lot vested in Oliver and Hannah D. Perry until Henry S. Perry was reimbursed, surely neither they nor their heirs at law could have any claim to have the lot sold, especially after whatever interests they may have had in the lot had been released to Henry S. Perry.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.